## R. J. O'NEIL v. KENNETH BROADBENT AND ANOTHER.

226 N. W. 2d 885.

February 28, 1975—No. 44513.

*Babcock, Locher, Neilson & Mannella, Landol J. Locher,* and *John M. Burke,* for appellants.

*Smith, Juster, Feikema, Haskvitz & Casserly, Wyman Smith,* and *Ronald L. Haskvitz,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Defendants, the Board of Supervisors of Ham Lake Township and Kenneth Broadbent, the township's building inspector, appeal from a judgment making absolute a writ of mandamus issued on plaintiff's petition, ordering defendants to issue special-use and building permits to plaintiff for the construction of a drive-in theatre. We affirm that part of the judgment ordering the issuance of a special-use permit, modify that part of the judgment regarding the issuance of a building permit, and remand for further proceedings.

The record reveals the following facts: Plaintiff is the owner of certain real estate in Ham Lake Township, Anoka County, Minnesota, located adjacent to Trunk Highway No. 65. Pursuant to the zoning plan adopted by Ham Lake Township in July 1951, property within 600 feet either side of the highway was zoned commercial. One of the uses permitted within the commercial district was "theaters." In October 1970, plaintiff applied to the town clerk for permits to erect a drive-in movie theatre. He was advised by the clerk that since the easterly two-thirds of his property was zoned for commercial use and the westerly one-third was in an open-development district, he would have to secure a rezoning of the westerly one-third of his property and a special-use permit and that there would be a $100 fee for costs, which he paid. The parties concede that this advice was in error with respect to the property zoned for commercial use. No special-use permit was in fact necessary. However, on February 16, 1971, after hearings on the rezoning application and special-use

permit, the Ham Lake Planning and Zoning Commission recommended that both be denied.[1]

On April 27, 1971, the town board enacted Ordinance No. 9 which amended the 1951 zoning ordinance to require a special-use permit for the construction of theatres in commercial zones. On June 23, 1971, plaintiff withdrew his request to rezone the westerly one-third of his property and stated that he desired to construct the drive-in theatre entirely within the limits of the easterly two-thirds of his land. In August 1971, plaintiff submitted a traffic safety study prepared by engineers retained by him, proposing specific recommendations for highway alterations to alleviate potential traffic problems. On November 8, 1971, the planning and zoning commission again considered plaintiff's request for a special-use permit and requested him to furnish statements of written approval from the Anoka County Highway Department and the State Highway Department regarding the proposed safety modifications. They also asked for clarification as to who would pay for any necessary highway construction.

On November 23, 1971, the town board denied plaintiff's request for a building permit to construct the drive-in theatre.[2] On

---

[1] The minutes of said meeting read as follows: "After very careful consideration and reviewing of the communications we received from the Anoka County Department of Highways and the State of Minnesota Department of Highways, we feel that in the best interest of Ham Lake Township and its citizens *that this zoning request and permit be denied.*

"This statement is based upon: 1) Public sentiment. 2) It would create an extreme traffic hazard in the township. 3) It would create a policing problem. 4) It would be detrimental to the area. 5) It would create a sanitary problem. 6) It would cause excessive noise to the local residents. 7) Conditions of a special use permit would have to be met. a) Stipulations of the Anoka Highway Department. b) Stipulations of the Minnesota Highway Department. 8) It would not conform to our nuisance ordinance." (Italics supplied.)

[2] The township minutes of this meeting read as follows: "Whereas, Robert J. O'Neil and a representative of Barton-Aschman Assoc., Inc. presented the Town Board with plans for building and an engineering

December 7, 1971, plaintiff applied to defendant Broadbent, the township building inspector, for a building permit. The inspector refused to furnish an application form to plaintiff or to accept any filing fees.

The trial court found that plaintiff had repeatedly stated that his proposed traffic plan was feasible, that the plan would satisfy all requirements of the state and county highway departments, and that there would be no construction expense or traffic control expense to the township. In addition, the court found that plaintiff had fulfilled all the requirements of a property owner under the township's building and zoning code for the construction of the drive-in theatre in a commercially-zoned area in the township.

The trial court, in its conclusions of law, determined that plaintiff was entitled to have the alternative writ of mandamus made absolute. Further, the court commanded defendant Broadbent to issue a building permit to plaintiff for the construction of a drive-in movie theatre on the easterly two-thirds of plaintiff's property in conformity with Ordinance No. 9 of the town-

---

study for the purpose of making recommendations regarding access to the proposed drive-in theater and any necessary improvements to adjoining public roads to improve the safety of traffic operations surrounding this development. The following summary is made regarding the discussion, which included reading of the petitions in opposition to the drive-in theater dated December 28, 1970; reading of the report of the Ham Lake Planning & Zoning Commission dated November 10, 1971, which asked for written statements from the Anoka County and the Minnesota State Highway departments indicating solutions of traffic hazard problems and clarifying who will pay for all of such road safety construction; Mr. O'Neil had no such reports, which he had been instructed to provide. Reference was made to the motion of the Annual Town Meeting of March 9, 1971 made by Virgil Hogdal. There was a number in attendance in opposition to the drive-in theater because of the traffic hazards, noise, and type of movies to be shown. Charles Porter, Supervisor, made a motion based on the foregoing to turn down the request of Robert J. O'Neil for a building permit for a drive-in theater. Seconded by Wilbur Matheson, Supervisor, and approved."

ship. The court accompanied its findings of fact and conclusions of law with a memorandum, made part of the order for judgment. Defendants did not move for amended findings or for a new trial, but appealed directly from the judgment.

Defendants assert that the town board did not unlawfully exceed its legislative discretion when it denied plaintiff a special-use permit for the construction of the drive-in theatre because the highway alteration plan prepared by plaintiff had not been approved by the State of Minnesota and the Anoka County Highway Departments. Plaintiff seeks to interject an additional issue —that he is not required to comply with the provisions of Ordinance No. 9, since his permit application was pending prior to the adoption of the ordinance. However, plaintiff filed no notice of review of this issue. Therefore, for purposes of this appeal, we must necessarily conclude, as did the district court, that the provisions of Ordinance No. 9, requiring a special-use permit for construction of a drive-in theatre, are applicable to plaintiff.

In reviewing this matter, we find that considerable difficulty has been evidenced by the parties and the lower court in attempting to distinguish clearly between special-use permits and building permits. The trial court's conclusions of law mandate the issuance of a building permit. However, the memorandum of the court, which was made part of the order for judgment, states that plaintiff is to be issued a special-use permit for the operation of a drive-in theatre, subject to his compliance with all of the terms of Ordinance No. 9. The trial court further points out in its memorandum that in the event plaintiff is unable to comply with the terms of the ordinance and get the necessary clearance from the State Highway Department and Anoka County Highway Department as to highway safety, then, of course, he would be denied his building permit. The latter statement is irreconcilable with the mandate of the court in the conclusions of law and order for judgment that plaintiff be issued a building permit. We have examined the findings of fact, conclusions of law, order for judgment, and memorandum of the lower court,

and it appears that the court made two conclusions—(1) that plaintiff was entitled to issuance of a special-use permit, subject to the conditions of Ordinance No. 9, and (2) that he was entitled to issuance of a building permit.

In Zulka v. City of Crystal, 283 Minn. 192, 167 N. W. 2d 45 (1969), we had occasion to consider the nature of special-use permits. There we said (283 Minn. 195, 167 N. W. 2d 48):

"* * * They [special-use permits] are designed to meet the problem which arises where certain uses, although generally compatible with the basic use classification of a particular zone, should not be permitted to be located as a matter of right in every area included within the zone because of hazards inherent in the use itself or special problems which its proposed location may present. * * * Unlike a variance provision which permits particular property to be used in a manner forbidden by the ordinance by varying the terms of the ordinance, a special-use provision permits property, within the discretion of the governing body, to be used in a manner expressly authorized by the ordinance. In theory, if not in practice, provisions authorizing the issuance of special-use permits are intended to provide more flexibility in land-use control than provisions authorizing a variance. While the administering body, be it the council itself or a planning commission to which power to act is delegated, has broad discretionary power to deny an application for a special-use permit, it cannot do so arbitrarily. A denial would be arbitrary, for example, if it was established that all of the standards specified by the ordinance as a condition to granting the permit have been met. Where the ordinance does not specify standards, as is usually the case when final authority to determine whether a permit shall be granted is retained by the council, an arbitrary denial may be found by a reviewing court when the evidence presented at the hearing before the municipal governing body and the reviewing court establishes that the requested use is compatible with the basic use authorized within the particular zone

and does not endanger the public health or safety or the general welfare of the area affected or the community as a whole."

We have further indicated that an applicant for a special-use permit has a much lighter burden of proof than an applicant for a variance. Inland Const. Co. v. City of Bloomington, 292 Minn. 374, 195 N. W. 2d 558 (1972); Westling v. City of St. Louis Park, 284 Minn. 351, 170 N. W. 2d 218 (1969).

Applying these standards, we hold that the conclusion of the trial court, that plaintiff was entitled to the issuance of a special-use permit, is justified by the findings of fact and the evidence presented in this matter. The trial court conditioned the grant of the special-use permit on plaintiff's compliance with the provisions of Ordinance No. 9. Section 8-5 of said ordinance requires any construction to comply with township, county, and state traffic control recommendations. Evaluating the balance of the court's order for judgment, given the grant of the special-use permit to plaintiff, we hold that the trial court's order for judgment, insofar as it orders defendants to issue a building permit, was inappropriate. The conclusions of law and order for judgment must be corrected to reflect that defendants are ordered to furnish an application for a building permit to plaintiff and that a building permit shall issue upon plaintiff's compliance with the conditions established by the court in granting the special-use permit. The conclusions of law and order for judgment regarding the issuance of the building permit to plaintiff are vacated and the matter remanded to the lower court for modification of the conclusions of law and order for judgment in accordance with this opinion.

Affirmed in part; modified in part; and remanded to the district court.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.